# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM KOEHLER, IV,<br><br>    Petitioner,<br><br>  v.<br><br>XAVIER BECERRA et al.,<br><br>    Respondents. | CASE NO. 2:20-cv-03136-MWF (SK)<br><br>**ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE** |

  Petitioner Robert Koehler, a pretrial detainee in the custody of San Luis Obispo County, is awaiting trial in a state criminal prosecution for homicide. But because of the COVID-19 pandemic, the trial court has postponed Petitioner's trial. Claiming that this postponement violates federal due process, Petitioner asks for release from state pretrial custody under 28 U.S.C. § 2254. (ECF 1 at 2). He also challenges the legality of his arrest, the sufficiency of the prosecution's evidence, and the effectiveness of appointed defense counsel. (*Id.* at 5-6). The petition must be dismissed, however, for at least three procedural deficiencies apparent on its face. *See* Rule 4 of Rules Governing Section 2254 Cases; L.R. 72-3.2.

  To begin with, the Court lacks jurisdiction under § 2254. Federal habeas relief under that provision is available only when a petitioner is being held "pursuant to the judgment of a State Court." 28 U.S.C. § 2254(a). Because Petitioner has not been convicted, there is no state court judgment over which the Court would have authority to grant relief under § 2254 even if it were so inclined. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir.

2003). Although leave to amend the petition by refiling under 28 U.S.C. § 2241 instead of § 2254 could cure this jurisdictional defect, *see Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004), such amendment would be futile for the other two reasons below.

The first, and most important, reason is because federal courts may not intervene in pending state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). Indeed, "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding[.]" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). That rule would be dispositive here even if the petition were correctly brought under § 2241. And nothing in the petition credibly suggests that one of the narrow exceptions to this rule might apply: when a prosecution is "undertaken for harassment purposes or in bad faith without hope of obtaining a valid conviction," or if there are "other extraordinary circumstances where irreparable injury can be shown." *Brown v. Ahern*, 676 F.3d 899, 902-03 (9th Cir. 2012) (cleaned up). A "Speedy Trial defense to state prosecution"—which is essentially Petitioner's issue here—is not an extraordinary reason to ignore *Younger* abstention. *Id.* So "until after the jury comes in, judgment has been appealed from and the case [is] concluded in the state courts," the Court has no authority to derail Petitioner's pending state criminal prosecution. *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972); *see, e.g.*, *Bautista v. People of California*, 2016 WL 5661861, at *2 (C.D. Cal. Sept. 28, 2016) (dismissing habeas petition sua sponte based on *Younger* abstention).

Finally, even if *Younger* abstention were not required, dismissal would still be proper because Petitioner has not exhausted his federal claims in state court. *See, e.g.*, *Lobato v. San Bernardino County*, 2020 WL 1166996, at *2 (C.D. Cal. Mar. 11, 2020) (dismissing § 2241 petition for lack of

2

exhaustion because there was "no indication that [the petitioner had] presented *any* of his claims to the California Supreme Court"); *Neter v. Villanueva*, 2020 WL 442992, at *4 (C.D. Cal. Jan. 28, 2020) (same). To be sure, the exhaustion requirement for § 2241 petitions is a prudential one only. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). But there is hardly a more apt situation for federal judicial prudence than when a state criminal defendant tries to short-circuit his pending prosecution with premature federal habeas claims. Moreover, nothing in the petition explains (nor is the Court aware of any reason) why Petitioner cannot raise his claims first in state court, whether that be through pretrial motion practice, defenses at trial, or available appellate remedies. So given Petitioner's admitted failure to exhaust state court remedies (ECF 1 at 5-7), dismissal remains appropriate even if the petition were considered under § 2241.

For all these reasons, the petition is DISMISSED for lack of jurisdiction and lack of exhaustion. Judgment dismissing this action without prejudice will be entered accordingly.

**IT IS SO ORDERED.**

DATED: April 9, 2020

_____
MICHAEL W. FITZGERALD
U.S. DISTRICT JUDGE


PRESENTED BY:

_____
STEVE KIM
U.S. MAGISTRATE JUDGE